UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ann Slover-Wittoesch,
    Plaintiff

vs

Michael J. Astrue,
Commissioner of Social Security,
    Defendant

Case No. C-1:05cv429
(Barrett, J.)
(Hogan, M.J.)

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. §406(b) (Doc. 30). To date, Defendant has filed no response in opposition to Plaintiff's motion. Plaintiff seeks an award of attorney fees in the amount of $17,000.00 for work done before this Court as provided for under the Act.

Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792 (2002). In determining the

1

reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* The Court should also consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Gisbrecht*, 535 U.S. at 808.

On April 23, 2007, this Court issued a report and recommendation that the decision of the Commissioner be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of new and material medical evidence. Thereafter, on July 18, 2007, the district court adopted the report and recommendation and administratively closed Plaintiff's case. (Doc. 29). On remand, the ALJ issued a fully favorable decision finding Plaintiff disabled as of March, 1999. The Social Security Administration has begun paying disability benefits to Plaintiff and on April 21, 2009, it issued a Notice of Award regarding Plaintiff's past-due benefits. (*See* Doc. 30, Ex. 2, Notice of Award). Acting pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of past due benefits on the account of Plaintiff-or $22,921.25- as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 30, attachment). Plaintiff's attorneys request$17,000.00 as fees in this case. *See* Doc. 30.

A federal statute empowers the Secretary and the federal court to fix attorney fees for services performed in connection with work done in Social Security cases. 42 U.S.C.§ 406. Section 406(b)(1) provides that, for work done in a judicial proceeding, a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant by the claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...

42 U.S.C.§ 406(b)(1).

In *Horenstein v. Secretary of H.H.S.*, 35 F.3d 261 (6th Cir. 1994)(*en banc*), the Sixth Circuit in overruling *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), held that each tribunal may award fees only for the work done before it. The court in *Horenstein* based its ruling on the fact that the Congress made "distinct and explicit provisions for a 'reasonable fee' for work done before the Secretary under Section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits." 35 F.3d at 262. The court went on to note that section

406(b)(1) established a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total past-due benefits." *Id.* Thus, the court held that for services performed before the Secretary, the Secretary is free to set a reasonable fee, except that as otherwise provided in the statute. *Id.* For services performed in a federal court where the court awards benefits, the attorney fee award cannot exceed 25 percent of the past-due benefits. In cases such as the case *sub judice*, where the court remands the case back to the Secretary for further proceedings, the court will set the fee - limited to 25 percent of the past-due benefits - for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings. *Id.*

In support of the request, Plaintiff submits that his counsel, Gary M. Blumenthal and Mary T. Meadows, expended a total of 36.9 hours of attorney time on this case before the District Court. (Doc. 30, attachment). Mr. Blumenthal states he has over 30 years of bar membership and has extensive experience in Social Security matters as outlined in the fee application. *Id.* Ms. Meadows states that she has 17 years of bar membership and 25 years of experience in Social Security disability matters. Dividing the requested fee of $17,000.00 by the hours counsel worked on this case produces a hypothetical fee of $460.70 per hour. The Sixth Circuit in *Hayes v. Secretary of H.H.S.*, 923 F.2d 418 (6th Cir. 1990), noted that attorneys in Social Security cases win about one-half of such cases in district courts, thus, the attorney is entitled to take his or her hourly rate and double it when determining fees under the Social Security Act. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), quoting *Rodriquez*, 865 F.2d at 746, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. The Court finds the hypothetical rate of $460.70 per hour is approximately twice the standard rate charged by attorneys in this area and therefore does not present a windfall in this case. *See Lee v. Javitch, Block & Rathbone, LLP*, 2008 WL 2917087, *4 (S.D. Ohio 2008) (citing 2007 Ohio State Bar Association rate survey indicating mean hourly rate for attorneys practicing in Greater Cincinnati is $217/hour, and the median is $200). In addition, there is no evidence or indication that the representation in this matter was substandard or that counsel was responsible for any delay. *Gisbrecht*, 535 U.S. at 808; *Rodriguez*, 865 F.2d at 746. Counsel achieved a good result in this case and, having reviewed the fee request in light of the criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $17,000.00 is reasonable. Counsel thus should be awarded $17,000.00 in fees under §406(b)(1)(A).

Having reviewed the fee request in light of the criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $17,000.00 is reasonable. The Court therefore **RECOMMENDS** that the §406(b)(1)(A) motion for attorney fees by Plaintiff's counsel (Doc. 30) be **GRANTED,** and that counsel be **AWARDED** $17,000.00 in fees.

Date: 1/21/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\SOC_SEC\R&R\slover-wittoesch.fees.wpd